UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN WELLMAN** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-831** |
| **GRAND ISLE SHIPYARD, INC.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff for conditional certification of the above-captioned matter as a collective action. Defendant, Grand Isle Shipyard, Inc. ("Grand Isle"), has filed an opposition. For the following reasons, the motion is **GRANTED IN PART**.

### BACKGROUND

According to the complaint, Grand Isle "has been supplying personnel to the oil and gas industry for decades" and "provides 'a full range of construction services' including project management and contract labor."[2] Plaintiff, a former employee of Grand Isle, alleges that he is owed wages for uncompensated overtime hours.[3] Plaintiff alleges that he and other similarly situated workers were compensated pursuant to a "straight time for overtime" policy instead of the time-and-a-half minimum rate for overtime hours required by the Fair Labor Standards Act ("FLSA").[4] *See* 29 U.S.C. § 207(a)(2).[5] Plaintiff contends that defendant willfully violated the FLSA and that it must compensate him and a class of similarly situated workers for unpaid

---

[1] R. Doc. No. 21.
[2] R. Doc. No. 1, ¶ 5.
[3] R. Doc. No. 1, ¶¶ 1, 23.
[4] R. Doc. No. 1, ¶¶ 1, 9, 18.
[5] 29 U.S.C. § 207(a)(2) provides that "[n]o employer shall employ any of his employees . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

overtime wages, as well as reasonable attorneys' fees and costs.[6] Plaintiff requests that the Court conditionally certify this case as a collective action and authorize notice to "[a]ll persons employed by Grand Isle as Project Managers and paid on an hourly basis at any time from April 10, 2011 to present."[7]

## LAW AND ANALYSIS

### A.     Conditional Certification

The FLSA provides that an action to recover "unpaid overtime compensation . . . may be maintained against any employer . . . by any one or more employees for and [on] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, the FLSA does not define "similarly situated" or otherwise explain how the certification of such collective actions should proceed.

There are two main lines of authority that prescribe different methods of determining whether a case may proceed as a collective action pursuant to § 216(b). *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995).[8] The first, referred to as "two-stage class certification," is typified by *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *Mooney* explains the typical *Lusardi* procedure:

> Under *Lusardi*, the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

---

[6] R. Doc. No. 1, ¶¶ 22-25.
[7] R. Doc. No. 21-9, at 3. This definition is slightly different from the class proposed in the complaint, as it narrows the class to include only project managers as opposed to all hourly workers. *See* R. Doc. No. 1, ¶ 20.
[8] The Court notes that *Mooney* and other cases cited herein involve claims under the Age Discrimination in Employment Act ("ADEA"), which explicitly incorporates § 216(b) and the FLSA collective action provisions. *See Mooney*, 54 F.3d at 1212. Accordingly, such cases are fully applicable here.

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action through discovery.

*Mooney*, 54 F.3d at 1213-14 (footnote omitted). This "lenient standard" requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

> *Mooney* continues:
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e., the original plaintiffs—proceed to trial on their individual claims.

*Id.* at 1214. The Fifth Circuit observed that "the *Lusardi* . . . line of cases, by its nature, . . . lends itself to *ad hoc* analysis on a case-by-case basis." *Id.* at 1213.

The second type of collective action procedure, typified by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990), is referred to as "spurious" class certification. This procedure uses the factors employed by Rule 23(a) of the Federal Rules of Civil Procedure—numerosity, commonality, typicality, and adequacy of representation—to determine if a collective action should be certified pursuant to § 216(b). *Mooney*, 54 F.3d at 1214. "Under this methodology, the primary distinction between [a FLSA] representative action and a [Rule] 23 class action is that persons who do not elect to opt-in to the . . . representative action are not

3

bound by its results. In contrast, Rule 23 class members become party to the litigation through no action of their own, and are bound by its results." *Id.* at 1214.

*Mooney* expressly declined to adopt either method, *id.* at 1216, and the Fifth Circuit, "[l]ike several other circuits, . . . ha[s] declined to choose between [the] two standards." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010); *cf. Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) ("We [have] implicitly embraced this two-step approach, and we affirm its use here. But we also explained that the conditional certification is not really a certification. It is actually the district court's exercise of [its] discretionary power . . . to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under [the] FLSA.") (internal quotation marks omitted).

Courts in this district, however, have routinely applied the *Lusardi* two-stage certification procedure. *See, e.g.*, *Crowley v. Paint & Body Experts of Slidell, Inc.*, No. 14-172, 2014 WL 2506519, at *5 (E.D. La. June 3, 2014) (Brown, J.); *Skelton v. Sukhothai, LLC*, 994 F. Supp. 2d 785, 787 (E.D. La. 2014) (Berrigan, J.); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 WL 2903070, at *3 (E.D. La. June 13, 2013) (Morgan, J.); *Baricuatro v. Indus. Personnel & Mgmt. Servs., Inc.*, No. 11-2777, 2012 WL 5472302, at *1 (E.D. La. Nov. 9, 2012) (Engelhardt, J.); *Lackey v. SDT Waste & Debris Servs., L.L.C.*, No. 11-1087, 2011 WL 6329909, at *2 (E.D. La. Dec. 19, 2011) (Milazzo, J.); *Lang v. DirecTV, Inc.*, 735 F. Supp. 2d 421, 434-36 (E.D. La. 2010) (Vance, C.J.); *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008) (Barbier, J.); *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 876 (E.D. La. 2008) (Zainey, J.); *Melson v. Directech Southwest, Inc.*, No. 07-1087, 2008 WL 2598988, at *3 (E.D. La. June 25, 2008) (Feldman, J.); *Lima v. Int'l Catastrophe Solutions, Inc.*,

493 F. Supp. 2d 793, 797 (E.D. La. 2007) (Fallon, J.); *Williams v. Bally's La., Inc.*, No. 05-5020, 2006 WL 1235904, at *2 (E.D. La. May 5, 2006) (Africk, J.). Because the *Lusardi* procedure is routinely utilized in this district, and because the parties agree that *Lusardi* is appropriate,[9] the Court finds that the *Lusardi* procedure is appropriate in this case.

### B.     *Lusardi* Analysis

As stated, at the first stage of the *Lusardi* procedure,[10] this "lenient standard" requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. However, "[w]hile the standard at this stage is 'not particularly stringent,' it is by no means automatic." *Lima*, 493 F. Supp. 2d at 798 (citation omitted) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1213 (11th Cir. 2001)). "[T]he Court is mindful that it must guard against 'fishing expeditions' at employers' expense." *White*, 2013 WL 2903070, at *6.

"[A]n FLSA class determination is appropriate when there is 'a demonstrated similarity among the individual situations . . . [and] some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].'" *Xavier*, 585 F. Supp. 2d at 877-78 (quoting *Crain v. Helmerich & Payne Int'l Drilling Co.*, No. 92-43, 1992 WL 91946, at *4-5 (E.D. La. Apr. 16, 1992) (Feldman, J.)). As stated, this determination is usually made based on "the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1214. "Thus, a court can foreclose a plaintiff's right to proceed collectively only if 'the action relates to specific circumstances personal to the plaintiff rather

---

[9] R. Doc. No. 21-9, at 3-4; R. Doc. No. 24, at 2-3; *see also Kuperman*, 2008 WL 4809167, at *5.
[10] In an appropriate case, when discovery has been completed and the record is sufficiently developed, courts can go directly to the second step of the process. *See, e.g.*, *Baroni v. BellSouth Telecomms., Inc.*, No. 02-09, 2004 WL 1687434, at *11 (E.D. La. July 27, 2004) (Africk, J.); *Basco v. Wal-Mart Stores Inc.*, No. 00-3184, 2004 WL 1497709, at *5 (E.D. La. July 2, 2004) (Duval, J.). Only the first step of the *Lusardi* analysis is implicated by the instant motion.

than any generally applicable policy or practice.'" *Xavier*, 585 F. Supp. 2d at 878 (quoting *Crain*, 1992 WL 91946, at *5).[11]

The complaint alleges that plaintiff, "and other workers like him, routinely worked well in excess of 40 hours in a workweek" but that defendant "did not pay [plaintiff], or the other workers like him, time and a half for hours worked in excess of forty in a week."[12] The complaint states that "[o]ver the past 3 years, [defendant] has employed many hourly workers like [plaintiff] who received straight time for overtime,"[13] meaning that defendant "paid them the same hourly rate for all hours worked in a workweek, whether the hours are above or below 40,"[14] and that such workers were paid "according to the same 'straight time for overtime' policy that it paid [plaintiff]."[15]

Attached to plaintiff's motion is an affidavit by plaintiff, which provides more detail regarding the allegations in the complaint.[16] Plaintiff's affidavit also includes a sampling of plaintiff's pay stubs, which show that plaintiff worked as many as 70 hours in week without any increase in his hourly rate for overtime.[17] Plaintiff states: "I am specifically aware of several other individuals who have worked for [defendant] as Hourly Project Managers, including Chris Massey and Eric Stanza, who were paid by [defendant] on an hourly basis and were not paid

---

[11] U.S. District Courts in the Southern District of Texas have framed the standard in this way: "At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. 07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (Rosenthal, J.). The Court notes that it would reach the same conclusion under this three-pronged framework.
[12] R. Doc. No. 1, ¶ 11.
[13] R. Doc. No. 1, ¶ 15.
[14] R. Doc. No. 1, ¶ 9.
[15] R. Doc. No. 1, ¶ 18.
[16] *See* R. Doc. No. 21-3.
[17] *See, e.g.*, R. Doc. No. 21-5, at 2.

overtime. I am also aware that these two gentlemen are interested in receiving notice of this lawsuit and joining this case."[18]

The Court finds that the complaint, plaintiff's affidavit, and the attached exhibits set forth "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. The alleged "straight time for overtime" policy constitutes a "factual nexus which binds the named plaintiffs and the potential class members together." *Xavier*, 585 F. Supp. 2d at 877-78 (internal quotation marks omitted). There is no indication that this policy "relates to specific circumstances personal to the plaintiff," *id.* at 878, and Bryan Pregeant ("Pregeant"), defendant's Vice President, confirmed that other project managers were paid on an hourly basis.[19] Accordingly, plaintiff has satisfied his lenient burden, and this matter should proceed through discovery as a collective action.[20]

---

[18] R. Doc. No. 21-3, ¶ 13. Defendant objects to such allegations and further argues that this statement is inadmissible hearsay and should not be considered. R. Doc. No. 24, at 5 (citing *Booth v. Intertrans Corp.*, No. 94-2359, 1995 WL 324631, at *2-5 (E.D. La. 1995) (Vance, J.)). However, the case cited by defendant, *Booth*, addressed a motion to strike an affidavit attached to a motion for summary judgment and was based on the evidentiary standard contained in Rule 56(c)(2) of the Federal Rules of Civil Procedure. *See Booth*, 1995 WL 324631, at *2. Conversely, this Court's determination at the first step of the *Lusardi* procedure is made "based only on the pleadings and any affidavits," *Mooney*, 54 F.3d at 1214, and other sections of this Court have relied on similar affidavits. *See, e.g.*, *Skelton*, 994 F. Supp. 2d at 787; *White*, 2013 WL 2903070, at *4.

Furthermore, to the extent that defendant objects that plaintiff has not sufficiently shown that others are interested in joining the case, R. Doc. No. 24, at 6-7, the Court notes that "in the Fifth Circuit, there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case." *White*, 2013 WL 2903070, at *5; *see also Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915-16 (S.D. Tex. 2010) (Johnson, M.J.). Regardless, plaintiff's affidavit arguably establishes that at least two other individuals are interested in joining the case.

[19] R. Doc. No. 24-1, ¶ 5.

[20] Defendant objects that plaintiff has not submitted enough evidence to carry his burden under *Lusardi*. R. Doc. No. 24, at 4. However, another section of this Court has found that an affidavit by a single plaintiff was enough at this notice stage. *See Skelton*, 994 F. Supp. 2d at 787; *see also Kuperman*, 2008 WL 4809167, at *8. Although additional affidavits and other supporting evidence would be helpful to the Court (and perhaps necessary in a more complex case) when

Defendant objects that plaintiff has not "define[d] 'Project Managers' or set forth facts as to the common work assignments, duties, hours, or compensation of 'Project Managers.'"[21] However, Pregeant's affidavit states that there is an entire "department" of "project managers" who provide a wide range of project management services within their specific areas of expertise.[22] Although these differences may ultimately provide the grounds for a decertification motion, that determination is a fact-intensive inquiry that would be best conducted after discovery. "The court need not find uniformity in each and every aspect of employment to determine a class of employees [is] similarly situated." *Maynor*, 2008 WL 2220394, at *7. "If one zooms in close enough on anything, differences will abound; . . . [b]ut plaintiffs' claims need to be considered at a higher level of abstraction." *Roussell*, 441 F. App'x at 226 (alterations in original) (internal quotation marks omitted). It is enough that plaintiff has set forth a reasonable basis for his allegation that there is a department of project managers, at least some of whom were paid on an hourly basis,[23] who were allegedly deprived of overtime compensation pursuant to a "straight time for overtime" policy.

Likewise, without a fully developed record, the Court cannot readily examine defendant's assertion that its exemption defense requires individualized analysis.[24] An argument that "defendant[] would be claiming disparate defenses against the various class members . . . is better reserved for a motion to decertify after notice and discovery." *Skelton*, 994 F. Supp. 2d at 787; *see also White*, 2013 WL 2903070, at *6 ("The Court recognizes that Defendants may

---

deciding whether conditional certification is appropriate, under the circumstances of this case, plaintiff's complaint, affidavit, and attached exhibits are enough.
[21] R. Doc. No. 24, at 4.
[22] R. Doc. No. 24-1, ¶¶ 3-4; *see also* R. Doc. No. 24, at 5.
[23] The Court emphasizes that project managers who were solely paid on a salary basis are not included in the collective action.
[24] R. Doc. No. 24, at 7-8.

succeed in having this case decertified. Nevertheless, the Court finds that Plaintiffs, at this time, have satisfied their lenient burden and have demonstrated 'a reasonable basis for the allegation that a class of similarly situated persons may exist.'").

### C. Class Definition

As stated, plaintiff requests that the Court conditionally certify this case as a collective action and authorize notice to "[a]ll persons employed by Grand Isle as Project Managers and paid on an hourly basis at any time from April 10, 2011 to present."[25]

Defendant objects that the class definition proposed by plaintiff is too broad because the applicable statute of limitations is two years, not three years.[26] 29 U.S.C. § 255 provides for a two year limitations period, "except that a cause of action arising out of a willful violation may be commenced within three years." Plaintiff has alleged in his complaint that defendant's violations were willful because defendant "is well aware of the overtime requirements of the FLSA," as defendant "pays overtime to a fair number of its hourly employees" and "ha[s] been sued for FLSA violations in the past."[27] Any determination as to defendant's willfulness would be premature as discovery has not yet been conducted. Accordingly, at this stage of the proceedings, the Court finds it appropriate for the collective action to encompass the past three years.

Defendant also argues that the class definition is too broad because the period should date back from the date of the notice, not the date the complaint was filed.[28] The FLSA provides that, in a collective action case, an action is "commenced" for the purpose of calculating limitations

---

[25] R. Doc. No. 21-9, at 3.
[26] R. Doc. No. 24, at 9.
[27] R. Doc. No. 1, ¶ 8.
[28] R. Doc. No. 24, at 9.

9

periods on the date on which the individual claimant opts in to the lawsuit. 29 U.S.C. § 256(b).[29] Therefore, because subsequent individual claims will not relate back to the date of the complaint, there is no need to use that date for determining who should receive notice, and the Court finds it appropriate to use the date of the notice. *See Lima*, 493 F. Supp. 2d at 802-04.

Accordingly, the Court conditionally certifies the above-captioned matter as a collective action and notice shall be sent to: "All persons employed by Grand Isle as Project Managers and paid on an hourly basis at any time during the three years prior to the date of this notice."

### D. Proposed Notice

Defendant also raises a number of objections to plaintiff's proposed notice. The parties are directed to attempt to resolve such disputes in good faith as ordered below.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED IN PART**, as set forth in this order and reasons, and that the above-captioned matter is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

**IT IS FURTHER ORDERED** that defendant's objections to plaintiff's proposed notice are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that counsel for both parties are to meet and confer regarding the proposed notice and consent form no later than **Friday, November 14, 2014**. Counsel must in good faith attempt to resolve any disagreement regarding: the mailing of a second "reminder notice" 30 days after the initial notice; the language and content of the notice

---

[29] The date of the complaint is used for any named plaintiff who files his consent to become a party plaintiff with the complaint. 29 U.S.C. § 256(a); *see also* R. Doc. No. 1-1 (plaintiff's consent).

and consent form (including but not limited to any biased language, the potential obligations assumed by individuals opting in to the case, and the ability to retain separate counsel); the information to be provided by defendant regarding potential class members; the timeline for the disclosure of such information and the issuance of notice to potential class members; and any other issues that have not yet been brought to the Court's attention.

**IT IS FURTHER ORDERED** that the parties must jointly file a proposed notice and consent form no later than **Friday, November 21, 2014, at 3:00 PM**. If the parties are unable to agree on a proposed notice and/or consent form, the parties shall submit (1) their proposed notice and/or consent form and (2) their objections, with supporting authority, to the opposing party's notice and/or consent form, no later than **Friday, November 21, 2014, at 10:00 AM**.

**IT IS FURTHER ORDERED** that a telephone status conference is scheduled for **Monday, November 17, 2014, at 3:00 PM**. Counsel must provide the Court with a telephone number at which they can be reached prior to the conference.

New Orleans, Louisiana, November 7, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**