UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DEAN WELLMAN                                                              CIVIL ACTION

VERSUS                                                                    NO. 14-831

GRAND ISLE SHIPYARD, INC.                                                 SECTION I


ORDER AND REASONS

Before the Court[1] is a motion for summary judgment filed by defendant, Grand Isle Shipyard, Inc. ("GIS"). Plaintiffs oppose the motion.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

BACKGROUND

Plaintiffs are former employees of GIS who allege that they are owed wages for uncompensated overtime hours.[3] Plaintiffs allege that they were compensated pursuant to a "straight time for overtime" policy instead of the time-and-a-half minimum rate for overtime hours required by the Fair Labor Standards Act ("FLSA").[4] *See* 29 U.S.C. § 207(a)(1).[5] Plaintiffs contend that GIS willfully violated the FLSA and that it must compensate them for unpaid overtime wages, as well as reasonable attorneys' fees and costs.[6]

---

[1] R. Doc. No. 48.
[2] R. Doc. No. 55.
[3] R. Doc. No. 1, ¶¶ 1, 23.
[4] R. Doc. No. 1, ¶¶ 1, 9, 18.
[5] 29 U.S.C. § 207(a)(1) provides that "[n]o employer shall employ any of his employees . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."
[6] R. Doc. No. 1, ¶¶ 22-25.

The Court conditionally certified the above-captioned matter as a collective action on November 7, 2014.[7] The conditionally certified class consists of "[a]ll persons employed by Grand Isle as Project Managers and paid on an hourly basis at any time during the three years prior to the date of this notice."[8] Fourteen individuals opted in to the lawsuit, and GIS has not moved to decertify the class.

GIS contends that summary judgment is appropriate as to all plaintiffs because they are exempt from the FLSA's overtime requirements pursuant to the "highly compensated employee" exemption, which is set forth in 29 C.F.R. § 541.601.[9] GIS also contends that the appropriate statute of limitations period is two years, not three, and that several of the plaintiffs' claims are time-barred.[10] GIS further asserts that an award of statutory liquidated damages would not be appropriate in this case.[11] Finally, GIS contends that four plaintiffs should be dismissed for failing to timely opt in to the collective action.[12]

## STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point

---

[7] *See* R. Doc. No. 25.
[8] R. Doc. No. 25, at 10.
[9] *See* R. Doc. No. 48-1, at 2-4.
[10] *See* R. Doc. No. 48-1, at 6-9.
[11] *See* R. Doc. No. 48-1, at 9-10.
[12] *See* R. Doc. No. 48-1, at 11.

out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## DISCUSSION

### I. Highly Compensated Employee Exemption

As stated, the FLSA provides that "[n]o employer shall employ any of his employees . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA does, however, provide certain exemptions to this requirement. *E.g.*, *id.* § 213(a)(1) (exempting from § 207 "any employee employed in a bona fide executive, administrative, or professional capacity"). The

Department of Labor ("DOL"), which is tasked with administering the FLSA, *see id.* § 204, has published regulations that define this exemption pursuant to its statutory authority.[13]

GIS contends that plaintiffs are not entitled to overtime wages on the basis of the exemption for "highly compensated employees," which states in pertinent part:

> (a) An employee with total annual compensation of at least $100,000 is deemed exempt . . . if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part.
>
> (b)(1) "Total annual compensation" must include at least $455 per week paid on a salary or fee basis.

29 C.F.R. § 541.601. The relevant regulations further define what it means to be paid on a salary basis, *id.* § 541.602(a),[14] but employees' compensation need not be calculated weekly:

> An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned.[15]

*Id.* § 541.604(b); *see also Zannikos v. Oil Inspections (U.S.A.), Inc.*, No. 14-20253, 2015 WL 1379882, at *9-10 (5th Cir. Mar. 27, 2015) (discussing the highly compensated employee exemption). "The decision whether an employee is exempt under the [FLSA] is primarily a

---

[13] *See also* Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22122 (Apr. 23, 2004) (codified at 29 C.F.R. pt. 541) ("These exemptions are often referred to as the 'white collar' exemptions. To be considered exempt, employees must meet certain minimum tests related to their primary job duties and, in most cases, must be paid on a salary basis at not less than minimum amounts.")

[14] 29 C.F.R. § 541.602(a) ("An employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.").

[15] "The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek." 29 C.F.R. § 541.604(b).

question of fact," but the "ultimate decision" as to the applicability of an FLSA exemption is a question of law. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006). "[T]he burden of proof lies with the employer." *Id.*

Plaintiffs' main point of contention relates to whether they were paid at least $455 per week on a salary basis. Plaintiffs contend that no part of their compensation was guaranteed and that their "pay moved in 'lock step' with the number of hours they worked."[16] Plaintiffs provided ample evidence in connection with their opposition, including affidavits from individual plaintiffs and an abundance of payroll evidence.[17] For example, several plaintiffs provided "Employee Confirmation" sheets that make no mention of any salary, but rather list a flat hourly pay rate.[18]

In support of its motion, GIS submitted a declaration by Bryan Pregeant ("Pregeant"), GIS's Vice President, wherein he attested that "[e]ach opt-in *received* at least $455 in compensation during each week he worked as a Project Manager."[19] However, this assertion does not address the regulations' requirement that the employment arrangement must "include[] a *guarantee* of at least the minimum weekly required amount paid." 29 C.F.R. § 541.604(b) (emphasis added); *see also id.* § 541.602(a). GIS also submitted a declaration by Thomas Craig, a project manager who states that he "was verbally told by GIS at the time of my hire that I would receive at least 40 hours of compensation per week,"[20] and an audit by the DOL

---

[16] R. Doc. No. 55, at 5.
[17] *See, e.g.*, R. Doc. No. 55-1, at 1, ¶ 7; R. Doc. No. 55-2, at 2, ¶ 11; R. Doc. No. 55-4, at 35; R. Doc. No. 65-1, at 1; R. Doc. No. 65-3, at 1-3; R. Doc. No. 65-4, at 1, 3, 5, 7, 9, 11, 13, 15, 17; R. Doc. No. 65-6.
[18] R. Doc. No. 55-1, at 4; R. Doc. No. 65-2, at 1-5; *but cf.* R. Doc. No. 65-5, at 1. The Court notes that two such employee confirmations have an additional notation "CA - $500.00," which meaning is unexplained. *See* R. Doc. No. 65-2, at 2-3.
[19] R. Doc. No. 48-4, ¶ 11.
[20] R. Doc. No. 64-1, at 34, ¶ 5.

5

concluding that GIS's project managers "are guaranteed pay for a minimum of 40 hours per week, whether they work it or not (Exhibit B-5)."[21] The referenced exhibit is not provided, however, and the Court cannot ascertain the precise basis for the DOL's conclusion.[22]

Based on the present record, the Court finds that there is conflicting evidence raising a genuine issue of material fact as to whether plaintiffs were compensated at least $455 per week paid on a salary basis. Without having established such a guarantee, GIS cannot obtain summary judgment on the basis of the highly compensated employee exemption. Accordingly, the Court denies GIS's motion with respect to this issue.

## II.  Statute of Limitations

The FLSA provides for a statute of limitations of two years, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255. "Mere knowledge of the FLSA and its potential applicability does not suffice [to show willfulness], nor does conduct that is merely negligent or unreasonable." *Zannikos*, 2015 WL 1379882, at *10 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127-28 (1985); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990)). "Rather, an employer's violation is willful only if it 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . .'" *Id.* (quoting *McLaughlin*, 486 U.S. at 133) (alteration in original). "An employer who 'act[s] without a reasonable basis for believing that it was complying with the [FLSA]' is merely negligent." *Id.*

---

[21] R. Doc. No. 64-1, at 37.
[22] The Court notes that in support of its assertion that project managers were subject to a minimum salary guarantee, GIS provides evidence that project managers "could be placed on 'shop time' and could continue to receive compensation even though they did not perform billable work for a GIS client." R. Doc. No. 64, at 4 n.5. This "shop time," however, is still compensation for hours worked, and not a minimum salary guarantee. The Court also notes that the written statement to the DOL by Cory Dantin makes no mention of any guaranteed wage. *See* R. Doc. No. 48-3, at 5-6.

6

(quoting *McLaughlin*, 486 U.S. at 134-35). "The plaintiff bears the burden of demonstrating willfulness." *Id.* (citing *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990)).

GIS contends that it did not willfully violate the FLSA and that the DOL's audit concluding that project managers were exempt "demonstrate[s] that any purported FLSA violation committed by Defendant with regard to the collective action was not willful."[23] Plaintiffs argue that GIS acted with reckless disregard because GIS "is no unsophisticated small operation"[24] and "certainly knew the black letter rule that hourly employees are entitled to overtime. Thus, [GIS] was clearly on notice of a potential FLSA violation, and its decision to not pay its hourly Project Managers overtime without doing anything else is at the very least reckless disregard."[25] Plaintiffs also contest the relevance of the DOL audit and argue that "[e]ven a cursory review of the DOL documents demonstrates that the DOL either made a monumental mistake or was duped."[26] Plaintiffs note that the DOL's conclusion was based on the finding that GIS's project managers "are guaranteed pay for a minimum of 40 hours per week, whether they work it or not."[27] However, plaintiffs also note that there was no such guarantee, as discussed above.[28]

The Court concludes that it would be inappropriate to grant summary judgment with respect to the issue of GIS's willfulness. Clearly, plaintiffs cannot rely solely on the fact that GIS "is no unsophisticated small operation"[29] in order to establish willfulness at trial. *See Zannikos*, 2015 WL 1379882, at *10 ("Mere knowledge of the FLSA and its potential applicability does

---

[23] R. Doc. No. 48-1, at 7.
[24] R. Doc. No. 55, at 15.
[25] R. Doc. No. 55, at 16. In support of this proposition, plaintiffs submitted a deposition of Pregeant taken in a separate matter. *See* R. Doc. No. 55-4, at 26.
[26] R. Doc. No. 55, at 17.
[27] R. Doc. No. 64-1, at 37.
[28] R. Doc. No. 55, at 17.
[29] R. Doc. No. 55, at 15.

7

not suffice . . . ."). However, as discussed above, the Court cannot ascertain the basis for the DOL's conclusion that project managers were provided with a weekly guaranteed salary equivalent to 40 hours per week. The discrepancy between the DOL's audit and the present record raises a suggestion that there may be an element of willfulness to GIS's behavior. Considering the anemic evidence provided by GIS in support of any minimum guaranteed wage and the voluminous evidence presented by plaintiffs suggesting that they were paid only for the hours they worked, the Court can only wonder why the DOL would conclude that *all* project managers were guaranteed 40 hours per week as a salary.

The Court emphasizes that plaintiffs bear the burden of producing evidence and eliciting testimony in support of GIS's willfulness. However, the Court finds that genuine issues of material fact preclude the Court from granting summary judgment and foreclosing all inquiry into GIS's willfulness at trial.

Having concluded that a genuine issue of material fact precludes summary judgment as to GIS's willfulness, the Court cannot determine at this time whether it must apply a two-year or three-year statute of limitations. GIS has moved for summary judgment against three opt-in plaintiffs (Russell Milam, Daniel Gauthreaux, and Gene Robicheaux) on the basis that their claims are barred by a two-year statute of limitations, but such plaintiffs may be entitled to some recovery in the event the Court finds that a three-year statute of limitations should be applied.[30] Accordingly, the Court denies GIS's motion with respect to these plaintiffs.

Finally, the Court notes that GIS has moved for summary judgment as to Aaron Matte ("Matte") under either the two-year or three-year statute of limitations. Plaintiffs have not

---

[30] R. Doc. No. 48-1, at 8.

offered any opposition as to the dismissal of Matte's claims.[31] Accordingly, the Court grants GIS's unopposed motion for summary judgment as to Matte.

### III. Liquidated Damages

Employers who violate the FLSA are generally liable for the amount of unpaid compensation, plus "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, the FLSA also provides courts with the discretion to award a reduced amount of, or zero, liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29 U.S.C. § 260. The Fifth Circuit has stated that employers who are found liable bear a "substantial burden" in attempting to avoid liquidated damages. *Owens v. Marstek, L.L.C.*, 548 F. App'x 966, 972 (5th Cir. 2013) (quoting *Mireles*, 899 F.2d at 1415). "The district court's discretion to reduce the liquidated damages 'must be exercised consistently with the strong presumption under the statute in favor of doubling.'" *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)).

GIS contends that it "has established its good faith by receiving a favorable decision from the DOL with regard to its wage and hour practices."[32] However, the Court finds that at this stage of the proceedings, GIS has not presented evidence that overcomes the strong presumption in favor of double damages. GIS's exclusive reliance on the DOL audit is problematic for the reasons discussed above. Accordingly, the Court denies GIS's motion with respect to the issue of liquidated damages.

---

[31] *See* R. Doc. No. 48-1, at 4-5; R. Doc. No. 48-5, at 1.
[32] R. Doc. No. 48-1, at 10.

**IV.     Failure To Timely Opt In**

"Courts have broad discretion in determining whether to permit late opt-in filers to join a collective action." *Coronado v. D N.W. Hous., Inc.*, No. 13-2179, 2014 WL 6674292, at *2 (S.D. Tex. Nov. 24, 2014) (Rosenthal, J.); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."). "Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Coronado*, 2014 WL 6674292, at *2 (quoting *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009), and citing numerous cases applying the *Ruggles* factors).

GIS asserts that the claims of four opt-in plaintiffs (Brent Gaspard, Larry Cadwell, Jerry Gros, and Gene Robicheaux) "should be dismissed because they failed to timely opt in to the collective action in this matter."[33] The notice form approved by the Court advised potential claimants that they were required to postmark or fax their consent form to plaintiffs' counsel within 60 days of the notice's mailing,[34] resulting in a deadline of January 30, 2015.[35] With respect to Brent Gaspard and Larry Cadwell, both individuals postmarked their consent forms by this deadline.[36] Accordingly, GIS's motion is denied with respect to these two plaintiffs.

---

[33] R. Doc. No. 48-1, at 11.
[34] *See* R. Doc. No. 29-1, at 1.
[35] *See* R. Doc. No. 48-1, at 11; R. Doc. No. 55, at 18.
[36] *See* R. Doc. No. 55-4, at 32-33.

10

With respect to Jerry Gros, he stated in an affidavit that he "do[es] not recall exactly when [he] received the notice in this case" but that he "responded promptly after receiving it."[37] His consent form was filed into the record on February 9, 2015.[38] Plaintiffs also submitted an email sent to plaintiffs' counsel, dated February 12, 2015 and purportedly sent by Gene Robicheaux, stating that the notice "was sent to my ex-wife's house" and that "[m]y ex-wife gave it to my son last month and he just found it in his duffle bag today and gave it to me."[39] His consent form was filed into the record on February 12, 2015, the same day that the email was sent.[40]

GIS asserts that the Court should not consider Gene Robicheaux's unsworn email as summary judgment evidence.[41] However, GIS does not address the *Ruggles* factors, or even argue that it was prejudiced in any way by the untimely opt-ins, both of which were *less than* two weeks late. Judicial economy would clearly best be served by deciding the untimely opt-in claims which present identical issues as the claims by the timely opt-ins. Furthermore, allowing the untimely opt-ins furthers the FLSA's remedial purpose of ensuring workers are properly compensated. Accordingly, because the *Ruggles* factors counsel in favor of allowing the untimely opt-ins, even without a strong showing of good cause, the Court exercises its discretion to deny GIS's motion with respect to Jerry Gros and Gene Robicheaux.

---

[37] R. Doc. No. 55-3, at 3, ¶ 29.
[38] R. Doc. No. 43.
[39] R. Doc. No. 55-4, at 34.
[40] R. Doc. No. 44.
[41] R. Doc. No. 64, at 9.

## CONCLUSION

The Court notes that plaintiffs urged the Court to grant summary judgment *sua sponte* in their favor on certain issues.[42] Because genuine issues of material fact preclude summary judgment, the Court declines to do so. Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED IN PART**. All claims against GIS by Aaron Matte in the above-captioned matter are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

New Orleans, Louisiana, May 6, 2015.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[42] *E.g.*, R. Doc. No. 55, at 3.